JAMES W. PENNOCK, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 57266. Promulgated April 29, 1932.

*Robert Ash*, *Esq.*, for the petitioner.
*Arthur Carnduff*, *Esq.*, for the respondent.

1332

## OPINION.

Trammell: The only error assigned in the petition is as follows: " The Commissioner erred in determining that the loss of $56,287.00 incurred in 1927 on account of the bankruptcy of the Andrews Sporting Goods Company is not a statutory net loss which is deductible in computing 1928 income." This allegation of error was denied by the respondent in his answer.

In his brief the petitioner, apparently relying on the reason given by the respondent for disallowing the deduction, contends that the only question in the case is whether the loss here involved was attributable to the operation of a trade or business regularly carried on by him. He further contends that such loss was clearly attributable to the operation of a trade or business regularly carried on by him. The respondent in his brief contends that the evidence indicates that the stock became worthless in 1926; that the petitioner has not established that he had a net loss in 1927 within the meaning of the

statutes; and that, conceding for the sake of argument that the stock became worthless. in 1927 and that he had a net loss in that year within the meaning of the statute due to the stock becoming worthless, he has not established a statutory net loss for 1928, because his business was that of an employee of a corporation and his loss, if any, was the loss of an investment.

We think the petitioner has taken a too limited view of the burden assumed by him in seeking to have the respondent's determination set aside. It is the respondent's denial of the deduction taken by the petitioner that gave rise to a cause of action, and not the respondent's reason for the disallowance. The respondent's reason for the disallowance does not in any wise lessen the burden assumed by the petitioner when he comes before this Board to have the determination reversed. In *Edgar M. Carnick*, 21 B. T. A. 12, we said:

> If the Commissioner finds one fact or reason which he believes supports his adverse determination, he is not required to express his views on any or all other matters relating to the item, and his failure to deal with them carries no implication as to their treatment. It is not the Commissioner's method of determination or computation which is the substance of the proceeding, for the deficiency may be correct despite a weakness in arriving at it or explaining it. *Woodside Cotton Mills Co.*, 13 B. T. A. 266; *Jacob F. Brown et al.*, 18 B. T. A. 859. "It is immaterial whether the Commissioner proceeded upon the wrong theory in determining the deficiencies. In any event the burden was on petitioner to show that the assessment was wrong." *Altschul Tobacco Co.* v. *Commissioner*, 42 Fed. (2d) 609.

From the pleadings we think that in order to prevail it is incumbent on the petitioner not only to establish that the loss claimed was a loss sustained in the operation of a trade or business regularly carried on by him, but also that the amount contended for is the proper amount, if any, to be allowed.

Section 117 of the Revenue Act of 1928 provides for the deduction in that year of a net loss sustained in 1926 and 1927, and coming within the meaning of that term as used in the Revenue Act of 1926, to the same extent and in the same manner as a net loss sustained under the Revenue Act of 1928. Sections 117 of the Revenue Act of 1928 and 206 of the Revenue Act of 1926 specify the manner in which a net loss must be computed and it is obvious that the amount may not be the same as the amount of loss shown on a correct return. *John H. Carpenter*, 23 B. T. A. 1118; *Julius Mendelson*, 21 B. T. A. 958. With the exception of the fact that the petitioner had an investment of $56,287 in the stock of the Andrews Sporting Goods Company, which was adjudicated a bankrupt on July 3, 1926, and that the petitioner never received anything from his investment upon the liquidation of the assets of the company, we are wholly without evidence upon which to compute any possible statutory net loss. These facts are not sufficient to show that the loss was sustained in

1927 instead of in 1926 as contended by the respondent, and, more especially, do not show a statutory net loss in 1927. We know nothing as to items of income for any of the years 1926, 1927, or 1928, or as to the deductions applicable thereto. Nor are we informed as to what extent the amount of the loss sought as a deduction in 1928, if sustained in 1926, was absorbed or was properly applicable to 1927 income. We are therefore unable to determine any statutory net loss to be deducted in 1928.

In view of the foregoing it is unnecessary for us to discuss the question argued by petitioner as to whether the net loss claimed was sustained in a trade or business regularly carried on.

*Judgment will be entered for the respondent.*